## No. 527
### BAKER-EVANS ICE CREAM CO. v. TEDESCO

No. 19071. Supreme Court
On motion to certify. Dock. April 13, 1925;
3 Abs. 249.

**966. PROXIMATE CAUSE—1. Must an intervening cause be forseeable in order to hold defendant liable for injury resulting from alleged negligence?**

**2. Is question of whether or not certain alleged acts can be the proximate cause of resultant injuries, one of law for the court?**

This original action was brought in Mahoning Common Pleas by Elizabeth Tedesco, by her next friend, James Tedesco, against the Bakers-Evans Ice Cream. d. b. a. "The Evans Hygrade Ice Cream." It was alleged by Tedesco that a driver of the Ice Cream Co. while delivering ice cream parked his truck on the wrong side of the street in violation of statute, that while filling buckets with ice he permitted pieces of ice to fall on the sidewalk, said ice attracting children among which was Elizabeth Tedesco.

It was averred that the driver had repeatedly warned the children to keep away from the ice cream truck and on this day when he left the truck to deliver, Elizabeth Tedesco was picking up ice at the rear of the truck and upon returning to his truck and on seeing the child yelled "Hey there!" and the child alertly and quickly started to cross the street and was struck by an automobile. No negligence was averred in the petition on the part of driver. A demurrer to it, was sustained and judgment in the Common Pleas rendered in favor of the Ice Cream Co.

Error was prosecuted and the negligence complained of was the parking of the truck on the wrong side of the street and that the company should not have allowed ice to drop on the street because it knew that it would attract children, and that the driver was negligent in calling "Hey there!" to the child when he should have known that she would run across the street. Court of Appeals reversed the judgment of the Common Pleas, holding that the petition stated a cause of action; and the case is taken to the Supreme Court by the Company on motion to certify. It is contended:

1. It appeared in the petition that for some months prior to the time the child was injured she, with other children had, during the temporary absence of the driver congregated in the rear of the truck to pick up ice and upon his re-appearance would immediately scamper away because for fear of him due to threatening and harsh language to keep away. It is contended that the mere appearance of the driver would cause them to scatter, having done so before. If he had not uttered the words "Hey there!" the company contends the child would have run away merely on sighting the driver.

The Company contends that the driver could not have forseen or reasonably anticipated that as a "probable result" of his uttering the alleged words the child would meet with some accident. It is contended that there must be a probability that some accident would happen before a casual connection can be inferred.

It is not sufficient that something might happen to the child. It is necessary that something is likely to happen to the child.

In conclusion it is contended that the petition stated no cause of action for reason that:

First—It appears from the whole petition that the same result would have happened if the alleged words had not been spoken, distinguishing the case of Zielm v. Vale, 98 OS. 306.

Second—That it is nowhere averred in the petition that the driver either saw or in the exercise of ordinary care could have seen or known of the approach of a vehicle, which would menace a child if she ran in front of it.

Third—That from the re-appearance of the driver and his spoken words, it can not be said that as a natural or necessary consequence thereof, the child would either probably or likely be hurt either by an approaching machine or in any other way.

Attorneys—Wilson, Hahn, Henderson & Wilson, for Company; Knight & Gluck, for Tedesco; all of Youngstown.